** PART II **
IN THAT CASE THE COURT DEALT WITH THE ISSUE OF A REPLEVIN BOND AND WHETHER THE GENERAL STATUTE REQUIRING SUCH A BOND IN A REPLEVIN ACTION BY THE STATE WAS TO BE PAID BY THE STATE AS REQUIRED BY STATUTE. THE COURT HELD THAT THE STATE WAS NOT REQUIRED TO PAY FOR THE POSTING OF THE STATUTORILY REQUIRED REPLEVIN BOND BECAUSE THE STATE WAS NOT EXPRESSLY OR IMPLIEDLY INCLUDED UNDER THE STATUTE.
THE OKLAHOMA SUPREME COURT HAS HELD IN OTHER CASES THAT NEITHER THE STATE NOR ANY DEPARTMENT THEREOF IS REQUIRED TO PAY COSTS OR FEES ASSOCIATED WITH THE PROSECUTION, DEFENSE, OR APPEAL OF LAWSUITS BROUGHT IN ANY OKLAHOMA COURT. SEE SPECIFICALLY STATE EX REL. COMMISSIONERS OF LAND OFFICE V. JOHNSON, 25 P.2D 659 (OKLA. 1933) AND STATE EX REL. BANK COMMISSIONER V. CRUM, 94 P.2D 231 (OKLA. 1939). WHILE THE TERMS "FEES "AND "COSTS "ARE OFTEN USED INTERCHANGEABLY, THEY ARE NOT THE SAME. COSTS ARE THE ALLOWANCE TO A PARTY OF EXPENSES INCURRED IN THE PROSECUTION OR DEFENSE OF A LAWSUIT WHEREAS FEES ARE COMPENSATION TO AN OFFICIAL FOR SERVICES RENDERED. HOWEVER THE DISTINCTION BETWEEN COSTS AND FEES HAS NO IMPACT ON THE QUESTIONS INVOLVED HEREIN, IN LIGHT OF MORRIS. SUPRA AND THE APPLICABLE STATUTES.
APPLYING THE RATIONALE IN MORRIS, THE SPECIFIC REQUIREMENT FOUND IN TITLE 28 O.S. 152.3 REQUIRES THAT THE OKLAHOMA TURNPIKE AUTHORITY PAY THE POUNDAGE FEE, PRESCRIBED BY TITLE 28 O.S. 31 AND THE COURT COSTS INCLUDING BUT NOT LIMITED TO THE FEE CHARGED UNDER SECTION 152, INCURRED IN CONDEMNATION PROCEEDINGS IN WHICH THE OTA IS THE CONDEMNOR. 28 O.S. 152.3 STATES AS FOLLOWS:
 "EVERY CONDEMNOR, BE IT THE STATE, A POLITICAL SUBDIVISION THEREOF, OR A PRIVATE ENTITY, SHALL BE LIABLE FOR POUNDAGE FEE AND COURT COSTS IN A CONDEMNATION PROCEEDING. THOSE PUBLIC ENTITIES WHICH WERE RESTRICTED BY LAW FROM ADVANCING COSTS SHALL BE ALLOWED TO FILE THE CONDEMNATION PROCEEDING WITHOUT COSTS PREPAYMENT, BUT AT THE TERMINATION OF EACH SUCH CASE, THE COURT CLERK WILL RENDER THE CONDEMNOR AN ITEMIZED BILL FOR COSTS AND SHALL CLAIM PAYMENT OF ALL COSTS DUE IN THE CASE."
IN THE CASE OF STATE EX REL. DEPARTMENT OF HIGHWAY V. MARSHAL, 530 P.2D 1023 (OKLA. 1974) THE OKLAHOMA SUPREME COURT HELD AS FOLLOWS:
 "UNDER TITLE 69 O.S. 1203, PROVIDING THAT THE DEPARTMENT OF HIGHWAY SHALL IN ALL CASES PAY THE COSTS AND THE EXPENSES OF THE FIRST ASSESSMENT, THE DEPARTMENT OF HIGHWAYS WAS REQUIRED TO PAY POUNDAGE FEE CHARGED BY COURT CLERK FOR RECEIVING AND PAYING OUT MONEY DEPOSITED BY THE DEPARTMENT TO SATISFY EMINENT DOMAIN AWARDS. N
I THEREFORE CONCLUDE, THAT IN CASES IN WHICH THE OKLAHOMA TURNPIKE AUTHORITY IS THE CONDEMNOR IN CONDEMNATION PROCEEDINGS IT IS REQUIRED TO PAY ALL POUNDAGE FEES AND COURT COSTS INCURRED IN THE CONDEMNATION PROCEEDING. THIS WILL INCLUDE FILING FEES IN CONNECTION WITH THE PLEADINGS FILED IN ACTIONS FOR THE CONDEMNATION OF PROPERTY AND POUNDAGE FEES WITH RESPECT TO CONDEMNATION AWARDS.
HOWEVER, SINCE THERE IS NOT A STATUTE SPECIFICALLY REQUIRING THAT THE STATE OR ANY AGENCY OF THE STATE BE REQUIRED TO PAY RECORDING FEES OR FILING FEES ON INSTRUMENTS OR DEEDS FILED OF RECORD WITH THE COUNTY CLERK, THE OKLAHOMA TURNPIKE AUTHORITY IS NOT REQUIRED TO PAY THE FILING FEES FOR RECORDING DEEDS, MORTGAGES OR OTHER INSTRUMENTS TO WHICH THE AUTHORITY IS A PARTY AND AS FURTHER IS NOT REQUIRED TO PAY THE FILING FEES OR COURT COSTS IN ANY OTHER JUDICIAL PROCEEDING OTHER THAN A CONDEMNATION PROCEEDING COVERED BY SECTION 152.3. THIS IS CONSISTENT WITH ATTORNEY GENERAL OPINION NOS. 65-367 AND 66-361 .
(DAN M. PETERS)